UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRELL LEE ANDERSON,<br><br>       Plaintiff,<br><br> v.<br><br>RON FRAKER,<br><br>       Defendant. | NO:  09-CV-0157-TOR<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

  BEFORE THE COURT is Petitioner Darrell Lee Anderson's Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254 (ECF No. 12).  This matter was heard without oral argument on September 5, 2012.  The Court has reviewed the petition, the response, the reply, and the parties' supplemental briefing, and is fully informed.

### BACKGROUND

  This Petition is before the Court for a second time following the Washington Supreme Court's discretionary denial of Mr. Anderson's Personal Restraint Petition ("PRP").  Having previously dismissed the first and fourth claims raised in

ORDER DISMISSING PETITION ~ 1

Mr. Anderson's Petition, the Court now dismisses Mr. Anderson's remaining claims for failure to exhaust state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A).

## PROCEDURAL HISTORY

Mr. Anderson filed a petition for writ of habeas corpus in this Court on October 20, 2009. ECF No. 12. This Petition raised four claims related to Mr. Anderson's 2005 conviction for first degree child molestation. Specifically, Mr. Anderson alleged that the trial court violated his constitutional rights by: (1) precluding him from introducing evidence of the complaining witness's reputation for untruthfulness; (2) counting his prior indecent liberties conviction as a prior conviction under Washington's Persistent Offender Accountability Act ("POAA"); (3) relying on false and unreliable information at sentencing; and (4) failing to require the jury to determine the fact of his prior indecent liberties conviction.

On April 26, 2011, U.S. District Judge Edward F. Shea entered an order dismissing Mr. Anderson's first and fourth claims on the ground that Petitioner had failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). ECF No. 46 at 4. Those claims are no longer before the Court. With regard to the Petition's second and third claims, Judge Shea ruled that Mr. Anderson had failed to "fairly present" these claims to the Washington state courts prior to seeking relief in federal court as required by *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

ECF No. 46 at 6 ("[I]t was not until Mr. Anderson filed his *pro se* [Personal Restraint Petition] to the Washington Supreme Court that Mr. Anderson adequately apprised a state appellate court that he was relying on federal constitutional theories.").

Despite this deficiency, however, Judge Shea ruled that a narrow exception to § 2254's "dual-presentment" requirement would apply if the Washington Supreme Court reached the merits of the federal claims raised for the first time in Mr. Anderson's Personal Restraint Petition ("PRP"). ECF No. 46 at 8-9. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available."). Specifically, Judge Shea ruled:

> If the Washington Supreme Court addresses the merits of Mr. Anderson's federal due process claims, claims two and three will likely be exhausted and the Court will then review the merits of these habeas claims. If the Washington Supreme Court does not address the merits of Mr. Anderson's federal due process claims, [however], claims two and three will be procedurally barred.

ECF No. 46 at 9 (citations omitted). Accordingly, Judge Shea held disposition of Mr. Anderson's second and third claims in abeyance pending the Washington Supreme Court's decision on the PRP.

On January 10, 2011, the Commissioner of the Washington Supreme Court denied review of Mr. Anderson's PRP. Anderson moved to modify the

ORDER DISMISSING PETITION ~ 3

Commissioner's ruling and the Washington Supreme Court denied that motion without comment on June 7, 2012. On June 29, 2012, this Court directed the parties to file supplemental briefing addressing the effect of the Washington Supreme Court's ruling on the instant Petition. With this supplemental briefing complete, the Court must now decide whether Mr. Anderson's second and third claims are procedurally barred.

DISCUSSION

Mr. Anderson appropriately concedes in his supplemental briefing that the Washington Supreme Court did not reach the merits of his newly-presented federal claims in denying review of his PRP. ECF No. 72 at 3. Instead, Mr. Anderson urges the Court to revisit Judge Shea's ruling that he failed to "fairly present" his federal constitutional claims to the lower state appellate courts. In support of this argument, Mr. Anderson asserts, once again, that his citations to *State v. Ford*, 137 Wash.2d 472 (1999), and *United States v. Ibarra*, 737 F.2d 825 (9th Cir. 1984) in his prior briefings to the Washington Court of Appeals and the Washington Supreme Court were sufficient to put those courts on notice that he was pursuing a federal due process claim.

This argument is unavailing. As Judge Shea previously noted, *Ford* does not specifically address rights arising under the federal Constitution. ECF No. 46 at 6-8. While it may be true that *Ford* references "fundamental principles of due

ORDER DISMISSING PETITION ~ 4

process" and "basic principles of due process," these references do not attempt to distinguish between *federal* and *state* due process principles. Accordingly, there is little support for Mr. Anderson's argument that the Washington Supreme Court's ruling in *Ford* was based upon its interpretation of the federal Constitution as opposed to the Washington State Constitution. *See* ECF No. 76 at 4. Thus, Mr. Anderson's citation to *Ford* did not fairly apprise the Washington appellate courts that he was seeking relief under the Fourteenth Amendment rather than the Washington Constitution.

      In any event, even if *Ford* could be read to address federal constitutional principles, Mr. Anderson failed to alert the Washington appellate courts to his reliance upon the case for those specific principles. When a state court decision addresses rights arising under both the state and federal constitutions, a habeas petitioner bears the burden of affirmatively informing the state appellate court of his or her reliance upon the case for its treatment of the federal right(s):

> For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues. Where, as here, the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.

*Casey v. Moore*, 386 F.3d 896, 912 n. 12, 13 (9th Cir. 2004). This authority is precisely on-point. Because Mr. Anderson did not make any attempt to inform the Washington appellate courts that he was relying upon *Ford* for *federal* due process

ORDER DISMISSING PETITION ~ 5

principles, those courts could not have been expected to recognize that Mr. Anderson was asserting a federal claim. Accordingly, Mr. Anderson did not "fairly present" his federal claims to the Washington appellate courts.

Finally, Mr. Anderson's citation to *Ibarra* does not raise a federal constitutional issue. As Judge Shea previously noted, *Ibarra* deals with a sentencing court's responsibility under Federal Rule of Criminal Procedure 32 to ensure that information relied upon for sentencing purposes is reliable. It does not expressly link this responsibility to a criminal defendant's rights under the U.S. Constitution. And while one of the cases cited in *Ibarra does* discuss this responsibility in constitutional terms, Mr. Anderson's citation to *Ibarra* alone— without expressly raising the underlying constitutional issue—is insufficient to "fairly present" a federal constitutional claim. *See Casey*, 386 F.3d at 912 n. 12 ("To say that federal issues are fairly presented when they can be seen not explicitly in petitioner's brief and not explicitly in the cases cited by petitioner, *but only in one of the cases cited by those cases* . . . seems too remote to be consistent with the Supreme Court's rationale in *Baldwin* [that a state appellate court should not be expected to search beyond a petitioner's brief to find a federal constitutional claim.]") (emphasis added).

In sum, the Court concludes that Mr. Anderson failed to "fairly present" the second and third claims in his Petition to the Washington Court of Appeals and the

Washington Supreme Court prior to filing his PRP. Given that the Washington Supreme Court did not reach the merits of Mr. Anderson's newly-asserted federal claims in denying discretionary review of the PRP, Mr. Anderson's second and third claims must be dismissed for failure to exhaust available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Baldwin*, 541 U.S. at 29.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Petition for a Writ of Habeas Corpus (ECF No. 12) is **DISMISSED** with prejudice.

2. The Court **declines to issue a certificate of appealability** pursuant to 28 U.S.C. § 2253(c)(1), as Petitioner has failed to make a substantial showing of the denial of a federal constitutional right.

The District Court Executive is hereby directed to enter this Order, provide copies to the parties, and **CLOSE** the file.

**DATED** this 5th day of September, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge